IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

FILED
03 OCT 23 PM 2:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

AVOCENT HUNTSVILLE CORP.,
an Alabama corporation,
Plaintiff,

v.

CLEARCUBE TECHNOLOGY, INC.,
a Texas corporation,
Defendant.

Civil Action No. ____________

Jury Trial Requested

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Avocent Huntsville Corporation ("Avocent"), brings this action for infringement of U.S. Patent No. 6,150,997 ("the '997 patent"), and U.S. Patent No. 6,184,919 ("the '919 patent") in violation of 35 U.S.C. § 271. Plaintiff alleges the following facts upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters.

**THE PARTIES**

1. Plaintiff, Avocent, is a corporation organized and existing under the laws of the State of Alabama, having its principal place of business in Huntsville, Alabama.

2. Avocent develops and markets computer hardware devices and systems, including systems that enable workstations to communicate with remote computers.

3. Defendant, ClearCube Technology, Inc. ("ClearCube"), is a corporation organized and existing under the laws of the state of Texas, having its principal place of business in Austin, Texas.

4. Defendant is in the business of developing, manufacturing, marketing, and distributing, directly or through its agents or affiliates, computer software and hardware, including systems that enable workstations to communicate with remote computers. Defendant transacts business in this District and elsewhere by making, using, selling and/or offering for sale products (including products that are the subject of this action) in this District.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, particularly 35 U.S.C. §§ 271 and 281-285. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

7. Defendant has transacted business and committed acts of infringement within the State of Alabama and, more particularly, within this District and thus is subject to the personal jurisdiction of this Court. Defendant resides in this District for purposes of venue, insofar as Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

## COUNT ONE – INFRINGEMENT OF THE '997 PATENT

8. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above.

9. Avocent is the owner, by assignment, of all right, title and interest in the '997 patent, which was duly issued on November 21, 2000, by the U.S. Patent and Trademark Office. A true copy of the '997 patent is attached hereto as Exhibit 1.

10. Defendant has infringed and continues to infringe the '997 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, or by importing into the

United States, without authorization, systems for connecting workstations to remote computers that employ and embody the invention of the '997 patent.

11. As a result of Defendant's infringement of the '997 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

12. Defendant's infringement of the '997 patent has been and is willful.

**COUNT TWO – INFRINGEMENT OF THE '919 PATENT**

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above.

14. Avocent is the owner, by assignment, of all right, title and interest in the '919 patent, which was duly issued on February 6, 2001, by the U.S. Patent and Trademark Office. A true copy of the '919 patent is attached hereto as Exhibit 2.

15. Defendant has infringed and continues to infringe the '919 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the invention of the '919 patent.

16. As a result of Defendant's infringement of the '919 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty. In addition, Avocent

has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

17. Defendant's infringement of the '919 patent has been and is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Avocent prays that the Court enter a judgment against Defendant as follows:

A. a decree that Defendant has infringed the '997 patent, and the '919 patent;

B. preliminary and permanent injunctions restraining Defendant, and its officers, directors, agents, employees, representatives, distributors, servants, attorneys and all persons in active concert or participation with them from further acts of infringement of the '997 patent and the '919 patent, pursuant to 35 U.S.C. § 283;

C. an award of damages against Defendant sufficient to compensate Avocent for Defendant's infringement of the '997 patent and the '919 patent in an amount not less than Avocent's lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284;

D. an award of treble the damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant's acts of infringement of the '997 patent and the '919 patent is determined to be willful;

E. an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '997 patent and the '919 patent by the Defendant to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

F. an award of reasonable attorneys' fees against the Defendant, pursuant to 35 U.S.C. § 285, and Avocent's costs of suit against the Defendant, pursuant to 35 U.S.C. § 284, based on Defendant's infringement of the '997 patent and the '919 patent; and

G. such other and further relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Avocent hereby demands a jury trial on all issues in this action.

DATED: October 23, 2003.

AVOCENT CORP.
by and through its Attorneys

J. Jeffery Rich

**SIROTE & PERMUTT, P.C.**
305 Church Street, Suite 800
Post Office Box 18248
Huntsville, Alabama 35804
Telephone: (256) 536-1711
Facsimile: (256) 518-3681

*Of Counsel:*

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST KLIMA & JACKSON, LLP
4501 N. Fairfax Drive, Suite 920
Arlington, Virginia 22203
Telephone: (703) 248-0333
Facsimile: (703) 248-9558

# Exhibits too large to scan–See Original File