UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

04 JUL 12 PM 2: 59

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| AVOCENT HUNTSVILLE CORPORATION, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-03-S-2875-NE |
| | ) | |
| CLEARCUBE TECHNOLOGY, INC., | ) | |
| | ) | **ENTERED** |
| | ) | |
| **Defendant.** | ) | JUL 1 2 2004 |

## MEMORANDUM OPINION

Plaintiff, Avocent Huntsville Corporation, filed this action on October 23, 2003, asserting that defendant, Clearcube Technology, Inc., infringed U.S. Patent Numbers 6,150,997 ("the '997 patent") and 6,184,919 ("the '919 patent"), both of which are owned by plaintiff.[1] Defendant filed an answer on January 9, 2004, denying the material allegations of plaintiff's complaint and asserting the following affirmative defenses: (1) invalidity of the '997 patent; (2) invalidity of the '919 patent; (3) prosecution history estoppel; and, (4) patent misuse.[2] Defendant also asserted counterclaims for: (1) a declaratory judgment of non-infringement, unenforceability, and invalidity of the '997 patent; (2) a declaratory judgment of non-infringement,

---

[1]*See* complaint (doc. no. 1).

[2]*See* answer (doc. no. 13).

unenforceability, and invalidity of the '919 patent; and, (3) patent misuse.[3] The action presently is before the court on plaintiff's motion to dismiss defendant's patent misuse and patent unenforceability counterclaims for failure to state a claim upon which relief can be granted, and, to strike defendant's patent misuse affirmative defense as insufficient as a matter of law.[4]

# I. STANDARD OF REVIEW

## A. Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted

The Federal Rules of Civil Procedure require only that a counterclaim contain a "'short and plain statement of the claim' that will give the [counter-]defendant fair notice of what the [counter-]plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[5] Consequently, a counterclaim should not be dismissed for

---

[3]*See id.* at 6-7. Defendant's second counterclaim bears the heading "Counterclaim for Declaratory Judgment of Non-Infringement and Invalidity of the '919 Patent." *See id.* at 6. Unlike the heading for defendant's first counterclaim, the heading for defendant's second counterclaim does not include the word "unenforceability." Nonetheless, defendant argues in its second counterclaim that "[t]he '919 Patent is invalid, void, and *unenforceable . . .*" *Id.* at ¶ 42 (emphasis supplied). Thus, the court construes defendant's second counterclaim as encompassing allegations of unenforceability.

[4]Doc. no. 16.

[5] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are

failing to state a claim upon which relief can be granted "unless it appears beyond doubt that the [counter-]plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[6] Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en

---

required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).

As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[6] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

banc).  Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the claim must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129, 122 S. Ct. 1067, 151 L. Ed. 2d 970 (2002).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] [counterclaim] may not be dismissed because the [counter-]plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a counterclaim to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769

F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor

and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99,

100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors &*

*Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively
> show the [counter-]plaintiff is entitled to relief, for
>
> > [i]t is not enough, to indicate merely that the [counter-]plaintiff
> > has a grievance but sufficient detail must be given so that the
> > [counter-]defendant, and the Court, can obtain a fair idea of what
> > the [counter-]plaintiff is complaining, and can see that there is
> > some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J.

Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

## B.    Motion To Strike

Rule 12(f) of the Federal Rules of Civil Procedure, pertaining to motions to

strike, provides that:

> Upon motion made by a party before responding to a pleading or, if no
> responsive pleading is permitted by these rules, upon motion made by
> a party within 20 days after the service of the pleading upon the party or
> upon the court's own initiative at any time, the court may order stricken
> from any pleading *any insufficient defense* or any redundant, immaterial,
> impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f) (emphasis supplied). When reviewing a motion to strike, the

court must treat all well-pleaded facts as admitted, and cannot consider matters

beyond the pleadings. *See U.S. Oil Company, Inc. v. Koch Refining Company*, 518 F. Supp. 957, 959 (E.D. Wis. 1981).

## II. DISCUSSION

### A.   Patent Misuse Counterclaim And Affirmative Defense

#### 1.    Patent misuse may be asserted in a counterclaim

Plaintiff argues that defendant's misuse counterclaim must be dismissed because misuse may only be alleged as an affirmative defense and "is not a cause of action."[7] Plaintiff is not correct. It is true that misuse can be, and more often than not is, pleaded as an affirmative defense. *See, e.g., Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997) ("Patent misuse is an affirmative defense to an accusation of patent infringement . . . ."); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986). Even so, misuse also may be asserted as a counterclaim. *See Marchon Eyewear, Inc. v. Tura LP*, No. 98 CV 1932(SJ), 2002 WL 31253199, at *9 (E.D. N.Y. Sept. 30, 2002) (rejecting plaintiff's argument that patent misuse may only be asserted as an affirmative defense, and holding that misuse may also be asserted through an independent claim seeking a declaratory judgment). Indeed, in many of the cases cited by both parties, misuse *was* asserted as a counterclaim. *See, e.g., Moore U.S.A., Inc. v. Standard Register Co.*, 139 F. Supp. 2d

---

[7]Doc. no. 17 (plaintiff's memorandum in support of motion to dismiss and motion to strike), at 4.

348, 362 (W.D. N.Y. 2001) (misuse asserted as a counterclaim); *Hoffman La-Roche, Inc. v. Genpharm, Inc.,* 50 F. Supp. 2d 367 (D. N.J. 1999) (counterclaim asserted for unenforceability due to misuse); *Raines v. Switch Manufacturing,* No. C-96-2648 DLJ, 1997 WL 578547, at *3-5 (N.D. Cal. July 28, 1997) (misuse alleged as both a counterclaim and an affirmative defense).   Accordingly, defendant's misuse counterclaim will not be dismissed on the sole ground that misuse may only be asserted as an affirmative defense.

## 2.   Defendant's allegations are not sufficient to establish patent misuse

Plaintiff also argues that defendant's patent misuse allegations "do not constitute a legally cognizable claim under the Patent Act or under the Federal Circuit's controlling precedent."[8]  Plaintiff cites to section 271(d) of the Patent Act, which provides:

> No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief *or deemed guilty of misuse* or illegal extension of the patent right by reason of his having done one or more of the following: . . . (3) sought to enforce his patent rights against infringement or contributory infringement . . . .

35 U.S.C. § 271(d) (emphasis supplied).

Defendant asserts, both in its misuse affirmative defense, and in its misuse counterclaim, that "the patents in suit have been misused by Avocent by the

---

[8]*Id.*

commencement and maintenance of this action, in bad faith, without probable cause and knowing, or when it should have known, that it had no valid claim of patent infringement against Defendant with respect to those patents."[9]

Plaintiff asserts that defendant's misuse allegations are based on nothing more than plaintiff's attempt to enforce its patent rights by bringing this infringement action, and that the misuse claims are therefore barred by 35 U.S.C. § 271(d).

Defendant, in response, argues that its misuse claims may proceed, because the claims allege that plaintiff brought this patent infringement action *in bad faith*. In that regard, the Federal Circuit has held that

> [t]he bringing of a lawsuit to enforce legal rights does not of itself constitute violation of the antitrust laws or patent misuse; *there must be bad faith and an improper purpose in bringing the suit, in implementation of an illegal restraint of trade. See American Tobacco Co. v. United States,* 328 U.S. 781, 809, 66 S. Ct. 1125, 1138, 90 L. Ed. 1575 (1946) (otherwise lawful acts, when done to give effect to conspiracy to restrain trade, are forbidden); *Grip-Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466, 472 (7th Cir. 1982) (even if a lawsuit has a colorable basis, it can violate the antitrust laws if filed for an improper purpose), *cert denied,* 461 U.S. 958, 103 S. Ct. 2430, 77 L. Ed. 2d 1317 (1983). A purpose is improper if its goal is not to win a favorable judgment, but to harass a competitor and deter others from competition, by engaging the litigation process itself, regardless of the outcome. *See Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* 508 U.S. 49, — 113 S. Ct. 1920, 1928, 123 L. Ed. 2d 611, 26 USPQ2d 1641, 1646 (1993) ("sham" litigation must be "objectively baseless" and intended to use the litigation process to interfere directly with a competitor's business); *Carroll Touch, Inc. v.*

---

[9]Answer (doc. no. 21), at ¶¶ 27, 47.

*Electro Mechanical Systems, Inc.,* 15 F.3d 1573, 1581-83 (Fed. Cir. 1993) (rejecting claim that filing a lawsuit was part of a scheme to restrain and monopolize trade, invoking the *Noerr-Pennington* immunity rule).[10]   *See also, e.g., Loctite,* 781 F.2d at 875, 228 USPQ at 100

---

[10]The doctrine of *Noerr-Pennington* immunity was developed in the Supreme Court's decisions in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961), and *Mine Workers v. Pennington,* 381 U.S. 657, 669, 85 S. Ct. 1585, 1593, 14 L. Ed. 2d 626 (1965).  The Supreme Court later explained the doctrine as follows:

> Those who petition government for redress are generally immune from antitrust liability. We first recognized in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961), that "the Sherman Act does not prohibit . . . persons from associating together in an attempt to persuade the legislature or the executive to take particular action with respect to a law that would produce a restraint or a monopoly." *Id.,* at 136, 81 S. Ct., at 529. *Accord, Mine Workers v. Pennington,* 381 U.S. 657, 669, 85 S. Ct. 1585, 1593, 14 L. Ed. 2d 626 (1965).  In light of the government's "power to act in [its] representative capacity" and "to take actions . . . that operate to restrain trade," we reasoned that the Sherman Act does not punish "political activity" through which "the people . . . freely inform the government of their wishes." *Noerr,* 365 U.S., at 137, 81 S. Ct. at 529. Nor did we "impute to Congress an intent to invade" the First Amendment right to petition. *Id.,* at 138, 81 S. Ct., at 530.

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* 508 U.S. 49, 56, 113 S. Ct. 1920, 1926, 123 L. Ed. 2d 611 (1993).

The Court also has recognized an exception to the *Noerr-Pennington* immunity doctrine for "sham litigation." Two elements are necessary to a finding of sham litigation.

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.  If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr,* and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals "an attempt to interfere directly with the business relationships of a competitor." *Noerr, supra,* 365 U.S., at 144, 81 S. Ct., at 533 (emphasis added), through the "use [of] the governmental *process* — as opposed to the *outcome* of that process — as an anticompetitive weapon," *Omni,* 499 U.S., at 380, 111 S. Ct., at 1354 (emphasis in original). This two-tiered process requires the plaintiff to disprove the challenged lawsuit's *legal* viability before the court will entertain evidence of the suit's

(Under Seventh Circuit law, "[t]o establish an illegal attempt to monopolize, plaintiff must prove: (1) a specific intent to monopolize; and (2) a dangerous probability that the attempt would be successful in achieving a monopoly in the relevant market . . . . Had [the district court] found bad faith [here], it would have had to make specific findings defining the relevant geographic and product markets, and specifying the market share possessed by Loctite in the relevant market.").

*Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.,* 45 F.3d 1550,

1558-59 (Fed. Cir. 1995). Stated differently,

[t]he patent statute precludes a finding of misuse when the patent holder in good faith seeks "to enforce his patent rights against infringement." 35 U.S.C. § 271(d); *see Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.,* 45 F.3d 1550, 1558-59 (Fed. Cir. 1995). The filing of an infringement claim therefore does not constitute misuse unless the claim is (1) objectively meritless *and* (2) *brought in an attempt to interfere directly with the business of a competitor. See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 60-61, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993) ("*PRE*"); *ISO Antitrust Litig.,* 964 F. Supp. 2d at 1485. A claim is "objectively meritless" if "no reasonable litigant could realistically expect success on the merits." *PRE,* 508 U.S. at 60, 113 S. Ct. 1920.

*In re Independent Service Organizations Antitrust Litigation,* 85 F. Supp. 2d 1130,

1169-70 (D. Kan. 2000) (emphasis supplied).

Plaintiff seeks to add one further requirement to these general principles: *i.e.,*

that a claim for patent misuse based on bringing a patent infringement action in bad

---

*economic* viability.

*Professional Real Estate Investors*, 508 U.S. at 60-60, 113 S. Ct. at 1928 (footnote omitted).

faith must be accompanied by a substantive antitrust claim.[11]  According to plaintiff, in each case cited by defendant to support its position that filing an infringement action in bad faith is sufficient to constitute patent misuse, "the defendants actually pled antitrust violations, and identified patent misuse as just one element of their antitrust claims."[12]   A close reading of the referenced cases reveals plaintiff's statement to be inaccurate.   True, each case cited by defendant *did* involve a substantive antitrust claim.  Even so, in each case, the patent misuse counterclaims and/or affirmative defenses were asserted independently, not merely as an element of the accompanying antitrust claim. *See Glaverbel,* 45 F.3d at 1556 (noting defendant's allegations that the plaintiff had "violated the antitrust laws *and* misused the patents") (emphasis supplied); *Marchon Eyewear,* 2002 WL 31253199 at *9 (defendants sought a declaratory judgment that the plaintiff's patent was "unenforceable on the grounds of 'patent misuse'"); *Moore U.S.A.,* 139 F. Supp. 2d at 362 (defendant alleged patent misuse as its "Counterclaim Nine"); *Hoffman La-Roche,* 50 F. Supp. 2d at 377 (defendant asserted a counterclaim requesting a declaration of unenforceability of the plaintiff's patents based on misuse by filing an infringement suit in bad faith); *Raines,* 1997 WL 578547, at *3-5 (separate misuse counterclaim and affirmative defense were

---

[11]*See* doc. no. 23 (plaintiff's sur-reply in support of its motion to dismiss and motion to strike), at 3-6.

[12]*Id.* at 3.

alleged); *In re Independent Service Organizations Antitrust Litigation*, 964 F. Supp. 1479, 1484-85 (D. Kan. 1997) (separate claim alleged for misuse).

Thus, plaintiff's characterization of the pleading requirements for misuse allegations is too narrowly drawn.  It is not *necessary* for an allegation of misuse to be accompanied by a substantive antitrust claim.  Even so, the two claims often may go hand in hand, because "the same facts that could support a finding of sham litigation (and an antitrust violation) could also support a finding of misuse." *Moore U.S.A.*, 139 F. Supp. 2d at 362.  *See also Independent Service Organizations Antitrust Litigation*, 964 F. Supp. at 1484-85 (holding that the same analysis may apply to both misuse and antitrust allegations).

Here, defendant (counter-plaintiff) has not alleged *any* facts to support a finding of sham litigation or bad faith.  Defendant also does not allege that plaintiff brought its infringement claims for any improper purpose, such as to interfere with defendant's business relationships.  Defendant only summarily states that plaintiff's infringement claims were brought in bad faith and without probable cause, and that plaintiff knew it did not have a valid infringement claim when it filed suit.  Defendant cannot support a claim for patent misuse with a bare allegation that plaintiff's infringement suit was brought in bad faith. *See Raines*, 1997 WL 578547 at *4 (stating that "defendant must provide some factual basis for the allegation that plaintiff knew the patent was invalid

-12-

or unenforceable when plaintiff filed the present action," and dismissing the defendant's misuse affirmative defense and counterclaim for failure to sufficiently plead supporting facts).

Based on the foregoing, the court finds that defendant's misuse counterclaim fails to state a claim upon which relief can be granted. The court also finds that defendant's misuse affirmative defense is legally insufficient. Accordingly, that aspect of plaintiff's motion seeking to dismiss defendant's misuse counterclaim will be granted. That aspect of plaintiff's motion seeking to strike defendant's misuse affirmative defense also will be granted.

## B.    Defendant States A Legally Viable Counterclaim For Unenforceability

Plaintiff asserts that the unenforceability aspects of defendant's first and second counterclaims should be dismissed because the statutes cited by defendant to support those claims do not relate to unenforceability.[13] In both counterclaims, defendant asserts that plaintiff's patents are "invalid, void *and unenforceable* under Title 35, United States Code, including *without limitation* §§ 102, 103, and 112."[14] Plaintiff correctly points out that sections 102, 103, and 112 of Title 35 relate to patent *invalidity*, not patent unenforceability. *See* 35 U.S.C. §§ 102, 103, and 112. *See also*

---

[13]*See* doc. no. 17 (plaintiff's memorandum in support of its motion to dismiss and motion to strike), at 5-6.

[14]Answer (doc. no. 13), at ¶¶ 36, 42 (emphasis supplied).

-13-

*J.P. Stevens & Co. v. Lex Tex Ltd., Inc.,* 747 F.2d 1553, 1560-61 (Fed. Cir. 1984) (identifying claims under §§ 102, 103, and 112 as claims for invalidity). Even so, this distinction is not fatal to defendant's counterclaims. Defendant's unenforceability counterclaims were brought pursuant to Title 35 *in general,* "including *without limitation* §§ 102, 103, and 112." Other provisions of Title 35 clearly allow for claims of unenforceability. *See, e.g.,* 35 U.S.C. § 282 ("The following shall be defenses in any action involving the validity or infringement of a patent and shall be pleaded: (1) Noninfringement, absence of liability for infringement *or unenforceability . . . .*") (emphasis supplied). Thus, defendant's uneforceability counterclaims will not be dismissed for failure to plead a sufficient statutory basis.

Plaintiff also argues that a heightened pleading requirement should be imposed on defendant's unenforceability counterclaims.[15] Plaintiff states in its sur-reply brief that "[t]he most common, and perhaps exclusive, basis for pleading unenforceability is to allege that the patent was procured through inequitable conduct."[16] Plaintiff further argues that defendant's unenforceability allegations are insufficient, because allegations of inequitable conduct, insofar as they include or mirror fraud allegations, must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).

---

[15]*See* doc. no. 23 (plaintiff's sur-reply in support of its motion to dismiss and motion to strike).

[16]*Id.* at 7.

However, in its prior brief, plaintiff asserted that "[u]nenforceability is a *collection* of equitable defenses including laches, estoppel, unclean hands, and inequitable conduct . . . ."[17] Plaintiff does not assert that any of the other equitable defenses comprising unenforceability are subject to a heightened pleading standard. Defendant offers no indication that it intends its counterclaims for unenforceability to be limited solely to plaintiff's inequitable conduct, and plaintiff cannot so narrow the claims on defendant's behalf. Thus, a heightened pleading standard will not be imposed on defendant's unenforceability counterclaims.

Defendant has pled viable counterclaims for unenforceability. Accordingly, that aspect of plaintiff's motion seeking dismissal of defendant's unenforceability counterclaims will be denied.

### III. CONCLUSION

In accordance with the foregoing, plaintiff's motion to dismiss defendant's misuse and unenforceability counterclaims, and to strike defendant's misuse affirmative defense, will be granted in part and denied in part. Defendant's misuse counterclaim will be dismissed. Defendant's misuse affirmative defense will be stricken. Defendant's unenforceability counterclaims will be allowed to proceed. An appropriate order will be entered contemporaneously herewith.

---

[17]Doc. no. 17 (plaintiff's memorandum in support of its motion to dismiss and to motion to strike), at 6 (emphasis supplied).

-15-

DONE this **12th** day of July, 2004.

United States District Judge