04 SEP 20 AM 11:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **AVOCENT HUNTSVILLE CORP.,**<br>**an Alabama corporation,**<br>**Plaintiff,**<br>v.<br>**CLEARCUBE TECHNOLOGY, INC.,**<br>**a Texas corporation,**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. CV 03-S-2875-NE** |

## REPLY OF PLAINTIFF AVOCENT HUNTSVILLE CORP.

Plaintiff Avocent Huntsville Corporation ("Avocent") replies to the Counterclaims contained in the first Amended Answer of Defendant ClearCube Technology Corporation ("ClearCube") as follows:

43. Avocent admits that Defendant ClearCube purports to incorporate paragraphs 1-42 of its Answer by reference. No further response to this paragraph is required and Avocent therefore denies the remainder of this paragraph.

44. Avocent admits that ClearCube seeks a declaration of invalidity, non-infringement and unenforceability of the patents in suit but denies that such relief is proper, warranted or properly pled. Avocent further admits that this court has subject matter jurisdiction over ClearCube's invalidity and non-infringement counterclaims, but denies the other allegations of this paragraph.

67

45. Avocent admits owning the patents in suit and admits to accusing ClearCube of infringing, inducing infringement, and/or contributorily infringing both the '997 and the '919 patents.

46. Avocent admits that this Court has personal jurisdiction over Avocent.

47. Avocent admits that venue in this district is proper with regard to properly pled ClearCube counterclaims.

48. Avocent admits that Defendant ClearCube purports to incorporate paragraphs 1-47 of its Answer by reference. No further response to this paragraph is required and Avocent therefore denies the remainder of this paragraph.

49. Admitted.

50. Avocent denies the allegations of this paragraph.

51. Avocent denies the allegations of this paragraph.

52. Avocent admits that Defendant ClearCube purports to incorporate paragraphs 1 – 51 of its Answer by reference. No further response to this paragraph is required and Avocent therefore denies the remainder of this paragraph.

53. Admitted.

54. Avocent denies the allegations of this paragraph.

55. Avocent denies the allegations of this paragraph.

56. Avocent admits that Defendant ClearCube purports to incorporate paragraphs 1 – 55 of its Answer by reference. No further response to this paragraph is required and Avocent therefore denies the remainder of this paragraph.

57. Admitted.

58. Denied.

59. Avocent denies the allegations of this paragraph.

60. Avocent denies the allegation of this paragraph.

61. Avocent admits that Defendant ClearCube purports to incorporate paragraphs 1-60 of its Answer by reference. No further response to this paragraph is required and Avocent therefore denies the remainder of this paragraph.

62. Admitted.

63. Denied.

64. Avocent admits that the application that became the '919 patent was filed on June 3, 1996 and that the application, as filed, claimed priority to at least the '442 patent application, Avocent denies the remaining allegations of this paragraph.

65. Avocent denies that it was not entitled to claim priority from the '404 patent application. The '442 patent application was filed on January 4, 1994 and was entitled to rely on the '404 patent application as a parent. The Patent Office erred in not granting the correct filing date and subsequently rejecting the applicant's requests for a corrected filing date. Avocent admits that the '442 patent application was ultimately abandoned, but not before the application that resulted in the issue of the '919 and '997 patents were filed.

66. Denied.

67. Avocent could not find the quoted statement in the '919 patent, and therefore denies the allegation of this paragraph.

68. Avocent admits that a Final Office Action issued on October 28, 1998 and that pending claim 20 was rejected "under 35 U.S.C. § 103 (a) as being unpatentable over Gunnersson et al (US Patent 5,283,789)." Avocent further admits that the Examiner took official notice as stated, however, Avocent denies the remaining allegations of this paragraph.

69. Avocent admits that Mr. Clodfelter filed a response with the Patent Office that was received at that office on March 4, 1999, but denies that Mr. Clodfelter's response did not address all of the points raised by the Examiner or was incomplete in any way. Avocent further admits that a Supplemental Amendment was subsequently filed in that case which deleted reference to any application filed earlier than the '404 patent application, but denies the remaining allegations of this paragraph.

70. ClearCube misquotes the actual statement appearing in the record and this allegation is therefore denied.

71. Avocent admits that the Examiner issued a Notice of Allowance which allowed all of the pending claims, including claim 20, and provided a statement of reasons for allowance, but denies the remaining allegations of this paragraph.

72. Avocent admits that the Examiner included this statement as part of his reasons for allowance. Avocent denies that the quote reproduced was the entirety of the Examiner's statement.

73. Avocent denies the allegations of this paragraph.

74. Avocent admits that Mr. Clodfelter filed an amendment on June 18, 1999 changing the patent specification to delete reference to the '404 patent application as a parent, changing the filing date of the '442 patent application to January 5, 1994, and providing a supplemental declaration from the inventors. Avocent denies the remaining allegation of this paragraph.

75. Denied.

76. Avocent denies the allegations of this paragraph.

77. Avocent denies the allegations of this paragraph.

78. No response to this paragraph is required.

79. ClearCube's Prayer for Relief states legal conclusions which require no response. To the extent any statement made in the Prayer of Relief is deemed factual, those statements are denied. Avocent specifically denies that ClearCube is entitled to any of the relief sought by its Prayer for Relief.

80. Each allegation of the Counterclaims not specifically admitted is denied.

81. ClearCube fails to state a claim upon which relief may be granted. Specifically, ClearCube fails to state a claim for inequitable conduct of the '919 and '997 patents.

**WHEREFORE,** Avocent respectfully requests that the Court enter judgment:

(a) denying ClearCube the relief it seeks;

(b) dismissing ClearCube's claims with prejudice;

(c) awarding Avocent its attorney's fees and costs; and

(d) granting Avocent such further relief as the Court deems proper.

DATED: September 20, 2004

Respectfully submitted,

AVOCENT HUNTSVILLE CORP.
by its Attorneys

J. Jeffery Rich

J. Jeffery Rich
SIROTE & PERMUTT, P.C.
305 Church Street, Suite 800
Post Office Box 18248
Huntsville, Alabama 35804

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST KLIMA & JACKSON, LLP
4501 North Fairfax Drive, Suite 920
Arlington, Virginia 22203

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2004, the foregoing "Reply of Plaintiff Avocent Huntsville Corp." was served via facsimile and first-class mail, postage prepaid, on the following:

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Facsimile: (205) 581-0799

J. David Cabello
Russell T. Wong
Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
20333 SH 249, Suite 600
Houston, Texas 77070
Facsimile: (832) 446-2424

Joseph M. Cloud
Cloud & Parker LLC
Post Office Box 428
Huntsville, Alabama 35804
Facsimile: (256) 534-8475

J. Jeffery Rich