FILED

2005 Feb-10  PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

|  |  |  |
|---|---|---|
| **AVOCENT HUNTSVILLE CORP.,** | ) | |
| an Alabama corporation, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:03-cv-02875-CLS** |
| | ) | |
| **CLEARCUBE TECHNOLOGY, INC.,** | ) | |
| a Texas corporation, | ) | |
| Defendant. | ) | |
| | ) | |

**AVOCENT HUNTSVILLE'S OPPOSITION TO CLEARCUBE'S**
**MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF**
**JOSEPH C. MCALEXANDER**

## I.   SYNOPSIS

Mr. McAlexander prepared a Supplemental Expert Report in this case during the discovery period, and before being deposed, to respond to the non-infringement and related claim construction issues disclosed by defendant ClearCube Technology, Inc. ("ClearCube"), *for the first time*, in the September 20, 2004 Rebuttal Expert Report of ClearCube's technical expert, Dr. Gregg Vaughn.   Through the Vaughn rebuttal report, ClearCube revealed its noninfringement contention that the claimed "amplifier" includes *all* of the frequency-sensitive components in ClearCube's transmitter (which ClearCube calls a "Back Pack"), and that the output of this "amplifier" must have increasing signal amplitude with increasing frequency.   Dr. Vaughn limited his report to an analysis of the signal at the output of Back Pack transmitter and provided no analysis of the output of the amplifier circuit itself.

Based on this new disclosure and concern that the Court might adopt ClearCube's newly-unveiled claim construction for the word "amplifier," plaintiff Avocent Huntsville Corp. ("Avocent Huntsville") asked Mr. McAlexander to conduct additional testing and analysis to

determine the accuracy of Dr. Vaughn's results, assuming that the claimed "amplifier" includes *all* of the frequency-sensitive components in the Back Pack transmitter. This testing and analysis is the subject of Mr. McAlexander's November 29, 2004 Supplemental Report.

## II.    FACTUAL BACKGROUND

Avocent Huntsville has actively sought full disclosure of ClearCube's noninfringement contentions for a long time. Avocent served contention interrogatories on ClearCube directed to, *inter alia*, ClearCube's noninfringement and claim construction contentions on March 16, 2004. (Exhibit 1). ClearCube served its interrogatory responses containing its noninfringement "contentions" on April 19, 2004. (Exh. 2 (Filed under seal)). Nowhere in those responses did ClearCube disclose its contention that the claim term "amplifier" must include *all* of the frequency-sensitive components in the Back Pack transmitter or its contention that the output of the Back Pack transmitter must have increasing amplitude with increasing frequency. (Exh. 2). Neither contention was disclosed.

Given the deficiencies found in ClearCube's responses to Interrogatory Nos. 2, 3, 5 and 6 (including the claim construction and infringement issues), Avocent moved to compel complete answers. (Docket No. 39). On July 12, 2004, the Court granted Avocent's motion and ordered ClearCube to "provide full and complete responses" to those interrogatories. (Exh. 3 (Docket No. 51)). That Order also required ClearCube to supplement its interrogatory responses "immediately" upon acquiring other relevant information. (Exh. 3 (Dkt No. 51)).

ClearCube supplemented its interrogatory responses on July 23, 2004. (Exh. 4 (Filed under seal)). But like its earlier interrogatory responses, ClearCube's court-ordered July 23 Supplement Responses provided no disclosure of ClearCube's ultimate claim construction and non-infringement contentions. ClearCube's July 23 Supplemental Response said nothing about

requiring *all* frequency-sensitive components in the backpack transmitter as being required parts of the claimed "amplifier." (Exh. 4, pp. 10-12).

One week later, on August 2, 2004, Avocent Huntsville served an expert report containing Mr. McAlexander's infringement opinions and his bases for those opinions. ClearCube served the rebuttal expert report of Dr. Vaughn on September 20, 2004. (Exh. 5). That report disclosed, for the first time, additional ClearCube claim constructions and non-infringement contentions – the very information that Avocent had long-sought from ClearCube and that the Court had compelled on July 12. Dr. Vaughn's Rebuttal Report disclosed a construction for the word "amplifier" and a non-infringement analysis based upon ClearCube's proposed construction of that term.[1]  Specifically, Dr. Vaughn's Report assumed that all of the frequency sensitive components within the Back Pack transmitter are part of the claimed "amplifier." (Exh. 5, ¶¶ 9, 12). Accordingly, all of Dr. Vaughn's testing was directed to the Back Pack transmitter as a whole, and no effort was made to test the amplifier circuit within the Back Pack transmitter. (Exh. 5, ¶¶ 12-15).

Faced with this newly-revealed contention, and out of an abundance of caution, Avocent asked Mr. McAlexander to conduct additional testing and analyses to determine the accuracy of Dr. Vaughn's testing and conclusions. In order to conduct that testing, Mr. McAlexander had to secure additional equipment, run the tests, analyze the data, and generate a supplemental report. Mr. McAlexander completed that Supplemental Report on November 26, 2004 and, rather than delay disclosure, served that report on ClearCube's counsel the next business day, November

---

[1]  That disclosure of ClearCube's proposed claim construction turned out to be just the tip of the iceberg. Months later, in connection with the *Markman* claim construction briefing, ClearCube unveiled additional contentions regarding this proposed construction of the word "amplifier" that even go beyond the passing reference Dr. Vaughn made in his September 20 Report.  That issue is the subject of Avocent's motion to strike aspects of ClearCube's *Markman* briefing.

29th. (Exh. 6 (Filed under seal)). About two weeks later, on December 10, 2004, ClearCube took Mr. McAlexander's deposition and examined Mr. McAlexander on his Supplemental Expert Report. (Exh. 7 (Filed under seal)).

## III.   ARGUMENT

Mr. McAlexander's Supplemental Expert Report is not "untimely" and should not be stricken. It was ClearCube's tactics of delay and non-disclosure that necessitated the testing data and analyses contained in Mr. McAlexander's Supplemental Expert Report. If ClearCube had laid all of its cards on the table in response to the Court's July 12 Order compelling full and complete disclosure of ClearCube's claim construction and non-infringement contentions, Mr. McAlexander could have addressed those arguments in his Opening Report. ClearCube has no legitimate basis to complain that Mr. McAlexander's Supplemental Report is untimely.

It is a continuing theme with ClearCube – delay, conceal, and surprise. First, ClearCube delayed the disclosure of its noninfringement contentions, causing Avocent Huntsville to move to compel those contentions. Then, after issuance of this Court's order compelling "full and complete" answers to Avocent's interrogatories, ClearCube disclosed some – but obviously not all – of its noninfringement (and related claim construction) arguments. Finally, ClearCube first disclosed its "amplifier" non-infringement argument in Dr. Vaughn's Rebuttal Expert Report served on September 20, 2004 – nearly *two months* after Mr. McAlexander's opening Expert Report on infringement issues.

ClearCube now asks this Court to penalize Avocent by striking Mr. McAlexander's Supplemental Report as untimely when it was ClearCube's actions that precluded Mr. McAlexander from addressing the issue earlier. In essence, ClearCube argues that Avocent's

expert should have responded to ClearCube's contentions *before* those contentions were even disclosed. That makes no sense whatsoever.

Under Avocent's claim construction, the term "amplifier" refers to a specific circuit within the transmitter. Mr. McAlexander's Opening Report addresses the infringement question assuming this claim construction. Upon learning of ClearCube's "amplifier" argument in late September 2004, Mr. McAlexander conducted a new analysis and generated his Supplemental Report as quickly as he could accepting, for the sake of argument, ClearCube's construction for the term "amplifier." This analysis and report took a substantial amount of time and effort, but it was still provided to ClearCube's counsel on November 29, 2004, well in advance of Mr. McAlexander's deposition.

At his deposition, Mr. McAlexander testified at length about his Supplemental Report. (Exh. 7 (Filed under seal)). ClearCube's counsel even moved Mr. McAlexander's Supplemental Expert Report into evidence.

> Q.   And Deposition Exhibit 79 is the report that you submitted in this case on November 26, 2004; is that correct?
>
> A.   November 26th, yes. It is entitled, "Supplemental Expert Report."
>
> Mr. Wong:   ClearCube offers Defendant's Exhibit 79.   [Exh. 7 (McAlexander Depo., p. 15:11-17)].

Now, ClearCube seeks to exclude the very evidence it previously "offered."[2]

In any event, Avocent is the party that would be unfairly prejudiced if Mr. McAlexander's Supplemental Report is stricken. By striking Mr. McAlexander's Supplemental Report, ClearCube would be *rewarded* for concealing its noninfringement argument until after Avocent had served its opening expert reports, and Avocent would be effectively denied the

---

[2]   Avocent did not, and does not, oppose the admission of that report.

opportunity to respond to the ClearCube's actual non-infringement arguments as first disclosed in Dr. Vaughn's September 20, 2004 Rebuttal Expert Report. In fairness, Avocent should be allowed to rely on Mr. McAlexander's Supplemental Report since the tardy disclosure of ClearCube's "amplifier" noninfringement argument was contrary to its discovery obligations and contrary to this Court's July 12, 2004 order.

## IV.   Conclusion

For the foregoing reasons, Avocent Huntsville respectfully requests that the Court deny ClearCube's motion to strike Mr. McAlexander's Supplemental Expert Report.

Dated:  February 10, 2005

**AVOCENT HUNTSVILLE CORP.**
by its Attorneys

J. Jeffery Rich
SIROTE & PERMUTT, P.C.
305 Church Street, Suite 800
Post Office Box 18248
Huntsville, Alabama 35804
Telephone: (256) 536-1711
Facsimile: (256) 518-3681

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Peter W. Gowdey
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4501 N. Fairfax Drive, Suite 920
Arlington, Virginia 22203
Telephone: (703) 248-0333
Facsimile: (703) 248-9558

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 10, 2005, the foregoing "Avocent Huntsville's Opposition to ClearCube's Motion to Strike the Supplemental Report of Joseph C. McAlexander" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Joseph M. Cloud
> Joseph M. Cloud, P.C.
> 521 Madison St., Suite 102
> Huntsville, Alabama 35801

> Harlan I. Prater, IV
> Lightfoot, Franklin & White, LLC
> The Clark Building
> 400 20th Street North
> Birmingham, Alabama 35203

> Russell T. Wong
> Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
> 20333 SH 249, Suite 600
> Houston, Texas 77070

I further certify that I have served the foregoing on the following via first-class mail, postage prepaid:

> J. David Cabello
> Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
> 20333 SH 249, Suite 600
> Houston, Texas 77070

J. Jeffery Rich

## APPENDIX OF EXHIBITS

**Exhibit 1**                          Plaintiff Avocent's Interrogatories Nos. 1 - 9

**Exhibit 2 (Filed under Seal)**       Defendant Clearcube's Responses and Objections to Avocent's
                                       First Set of Interrogatories (1 - 9)

**Exhibit 3**                          Order on Plaintiff's Motion to Compel Defendant to Respond
                                       Fully to its First Set of Interrogatories

**Exhibit 4 (Filed under Seal)**       First Supplemental Responses and Objections to Avocent
                                       Huntsville Corp.'s First Set of Interrogatories

**Exhibit 5**                          Expert Report of Gregg L. Vaughn

**Exhibit 6 (Filed under Seal)**       Supplemental Expert Report of Joseph C. McAlexander
                                       Regarding Infringement of U. S. Patent Numbers 6,184,919
                                       and 6,150,997

**Exhibit 7 (Filed under Seal)**       Deposition of Joseph C. McAlexander, III

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

AVOCENT HUNTSVILLE CORP.,

an Alabama corporation,

Plaintiff,

v.

CLEARCUBE TECHNOLOGY, INC.,

a Texas corporation,

Defendant.

Civil Action No. 5:03-CV-2875

JURY TRIAL DEMANDED

## PLAINTIFF AVOCENT'S INTERROGATORIES NOS. 1-9

Defendant, ClearCube Technology, Inc. ("ClearCube"), is requested, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to answer the following interrogatories under oath within thirty (30) days of service thereof.

## INSTRUCTIONS AND DEFINITIONS

These interrogatories are propounded upon the following statement:

(A)　　As used herein, "company" and "companies" mean a corporation, partnership, joint venture, sole proprietorship, trust, association, firm or any other business entity in whatever form.

(B)　　As used herein, "sales" means deliveries to any entity besides defendant ClearCube, or the taking of an order from any entity, whether or not money exchanged hands (*e.g.,* promotional samples and equipment used internally are "sales").

1

(C)     As used herein, "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and include any oral, graphic, demonstrative, electronic, telephonic, verbal, or like conveyance of information.

(D)     As used herein, "Avocent" means plaintiff Avocent Huntsville Corp.

(E)     As used herein, "ClearCube," you," and "your" means defendant ClearCube Technology, Inc. and all predecessors, subsidiaries, parents, and affiliates, and all past and present directors, officers, agents, employees, consultants, attorneys, and others acting on their behalf

(F)     As used herein, "document" and "documents" has the meaning accorded it under Fed. Civ. P. 34 (a) and in addition means any papers, electronic files or other writing and each item of graphic or aural material, however recorded or reproduced, including drafts or other preliminary material, including English language translations, in ClearCube's possession, custody or control or of which ClearCube has knowledge, wherever located, whether an original or a copy. The following are examples of "documents": agreements, financial statements, invoices, minutes, memoranda, notes, records, inter-office communications, electronic data processing cards and tapes, tape or other records, telegrams, letters, photographs, drawings, data, reports, advertising and promotional materials, packaging materials, printed matter and publications. Each copy of a document embodying or having attached to it any alterations, notes, comments or other material not embodied in or attached to the original or any other copy being identified shall be deemed a separate document.

(G)     Where identification of a natural person is requested, please state the person's full name, present or last known residence and business address, present employer and position held

2

and, if the person is not an employee of ClearCube, the person's present or last known home and business address and home and business telephone numbers.

(H) Where identification of a company is requested, please state the company's correct legal name, the primary trade name used by the company, the company's address, and the telephone number of the principal office of the company.

(I) Where identification of a document is requested, please state the date of the document, identify the author, specify the type of document (e.g., letter, memorandum, telegram, chart, etc.) or some other means of identifying it, identify each of the recipients, give the general subject matter of the document, specify its present location and identify its custodian, and, if a document was but is no longer in ClearCube's possession or control, please state what disposition was made of it and when.  Note that no objection to document identification *per se* (as opposed to production) on the basis of attorney-client privilege or attorney work product exception is appropriate.

(J) As used herein, "the '997 patent" means U. S. Patent No. 6,150,997, one of the patents-in-suit.

(K) As used herein, "the '919 patent" means U. S. Patent No. 6,184,919, one of the patents-in-suit.

(L) The term "patents-in-suit" means the '997 and '919 patents, collectively.

(M) The term "Accused Products" means ClearCube's managed desktop architecture and the components thereof, specifically including ClearCube's: (a) C/Ports, (b) ClearCube Blades (including at least the Model R1100, R1150 or R2100 products), (c) Cages, and (d) BackPacks (including both the R Series direct connect and switching BackPacks).  For purposes

3

of any requested infringement analysis (*e.g.* Interrogatory No. 3), please treat the "Accused

Product" as including at least one C/Port, one ClearCube Blade, one Cage, and one BackPack.

(N)     The term "peripherals and associated equipment/software" shall include, but is not

limited to ClearCube I/ports, ClearCube Fiber C/Ports, ClearCube Fiber Transceivers, Cage cores

and fan trays, ClearCube Switch Manager and Blade Manager software, ClearCube Workstation

Solution software, and the Multi-Video eXpander

(O)     These interrogatories are <u>continuing in nature</u> and ClearCube is required to

supplement its responses to these interrogatories upon obtaining information that any responses

were incorrect when made or which may become incomplete or no longer true, in accordance

with the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 1:

Identify by bates number range the source of all documents and things produced by

ClearCube in response to the requests for production served by Avocent, including without

limitation, the custodian of the documents and things, and the physical location from which the

documents and things were collected.

### RESPONSE:

## INTERROGATORY NO. 2:

For each and every claim element or limitation in claims 1, 4-8, 11-12, and 16-18 of the

'919 patent and claims 1 and 2 of the '997 patent which ClearCube contends must be construed

by the Court, state ClearCube's construction, interpretation, and contended scope of each of the

4

claimed elements or limitations, including for every claim element or limitation the meaning of any disputed word or phrase, all bases supporting ClearCube's construction, interpretation, and contended scope of such claim elements and limitations, and for any "means or step for performing a specific function" claim element within the meaning of 35 U.S.C. §112, paragraph 6, an identification of the function and the corresponding structure, material or acts.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Separately for each patent claim identified in Interrogatory No. 2 above, explain, in detail, all factual and legal bases for ClearCube's contention that none of these claims are infringed by the Accused Products, specifically identifying each limitation or element of each claim which ClearCube asserts is not met or infringed, either literally or by equivalence, including an explanation of why such element or limitation should not be considered an equivalent of the corresponding element or limitation in the patent claim.

**RESPONSE:**

**INTERROGATORY NO. 4:**

With respect to the inventions claimed in the '997 and '919 patents, state whether or not any patentability, validity, enforceability, or infringement study, search or evaluation, oral or written, has been conducted or made by or on behalf of ClearCube and, if so, identify:

the nature of each study, search or evaluation;

the persons who made each such study, search or evaluation;

5

the date and results or conclusions thereof;

all persons to whom each such study, search or evaluation or results or conclusions thereof have been communicated;

each item of prior art referred to in each study, search or evaluation;

all prior art and other references uncovered in any investigation undertaken for each study, search or evaluation but not referenced therein; and

all documents relating to each such study, search or evaluation.

**RESPONSE:**


**INTERROGATORY NO. 5:**

State specifically and fully address all reasons for ClearCube's allegations that the claims of the patents-in-suit are invalid, including: an identification of the applicable statutory section of Title 35; if reasons relate to prior art, an identification by reference numerals or a like specific designation directed to the prior art where each limitation of each claim of the patents-in-suit is located; a detailed description of why it would be obvious to combine features of the prior art; and an identification of all persons having knowledge thereof and all documents relating thereto.

**RESPONSE:**


**INTERROGATORY NO. 6:**

Describe in detail all facts supporting the ClearCube's patent misuse and unenforceability allegations and identify all documents relating thereto and all persons having knowledge thereof.

**RESPONSE:**

6

## INTERROGATORY NO. 7:

For the period January 1, 1997 to present, state on a monthly and yearly basis ClearCube's total sales volume of (a) Accused Products and (b) peripherals and associated equipment/ software, in both units and dollars, separately identifying the sales of the (1) C/Ports, (2) PC Blades, (3) R Series Cages (including spare cages or "Cores," and spare fan trays or "Fans"), (4) Direct Connect BackPacks, (5) Switching BackPacks, (6) I/Ports, (7) Fiber C/Ports, (8) Fiber Transceivers, (9) ClearCube Switch Manager software, (10) ClearCube Blade Manager software, (12) ClearCube Workstation Solution software, and (12) Multi-Video eXpander.

### RESPONSE:

## INTERROGATORY 8:

Describe the circumstances surrounding ClearCube's decision to develop the Accused Products and the peripherals and associated equipment /software, including the identification of the persons who made that decision, the persons having the most knowledge of the facts and circumstances surrounding that decision, and the reasons for making that decision.

### RESPONSE:

## INTERROGATORY 9:

Describe the circumstances surrounding ClearCube's first awareness of the existence of the patents-in-suit, specifically identifying the date upon which ClearCube became aware of the

7

patents, the person first learning of the existence of these patents, and the circumstances under which that person learned of these patents.

**RESPONSE:**

Dated:  March 16, 2004

**AVOCENT HUNTSVILLE CORP..**
By and through its Attorneys

J. Jeffery Rich
SIROTE & PERMUTT, P.C.
305 Church Street, Suite 800
Post Office Box 18248
Huntsville, Alabama 35804
Telephone:  (256) 536-1711
Facsimile:  (256) 518-3681

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Peter W. Gowdey
DAVIDSON BERQUIST KLIMA & JACKSON, LLP
4501 North Fairfax Drive
Arlington, Virginia 22203
Telephone: 703-248-03334000
Facsimile:  703-248-9558

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2004, a true copy of Avocent's Interrogatories

Nos. 1-9 and Avocent's First Set of Requests for Production (1-42) To Defendant

ClearCube Technology Inc. was served by first-class mail, postage pre-paid on:

> J. David Cabello
> Russell T. Wong
> Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
> 20333 SH 249
> Suite 600
> Houston, TX 770705402

> Harlan I. Prater, IV
> Lightfoot, Franklin & White, LLC
> The Clark Building
> 400 20th Street North
> Birmingham, Alabama 35203

> Joseph M. Cloud
> Cloud & Parker LLC
> P.O. Box 428
> Hunstville, Alabama 35804

# Exhibit 2

**Filed Under Seal Pursuant to Protective
Order Entered April 2, 2004**

# Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 JUL 12 PM 2: 59
U.S. DISTRICT COURT
N.D. OF ALABAMA

AVOCENT HUNTSVILLE
CORPORATION,

    Plaintiff,

vs.

CLEARCUBE TECHNOLOGY,
INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. CV-03-S-2875-NE

ENTERED
JUL 1 2 2004

## ORDER

    This action is before the court on plaintiff's motion to compel defendant to respond fully to its first set of interrogatories (doc. no. 39). Upon consideration of plaintiff's motion and supporting brief, and defendant's response thereto, plaintiff's motion to compel is GRANTED. Defendant is ORDERED to provide full and complete responses to plaintiff's Interrogatories 2, 3, 5, and 6, to the extent defendant possesses responsive information. If defendant does not presently possess information responsive to plaintiff's interrogatories, defendant is ORDERED to supplement its responses to the interrogatories immediately upon gaining responsive information.

    DONE this _12th_ day of July, 2004.

_____
United States District Judge

51

# Exhibit 4

## Filed Under Seal Pursuant to Protective Order Entered April 2, 2004