IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AVOCENT HUNTSVILLE CORP., an Alabama corporation, Plaintiff, v. CLEARCUBE TECHNOLOGY, INC., a Texas corporation, Defendant. | Civil Action No. 5:03-CV-02875-CLS |

AVOCENT HUNSTVILLE'S MOTION *IN LIMINE* TO PRECLUDE CLEARCUBE FROM PRESENTING EVIDENCE DIRECTED TO THE REASONABLE ROYALTY ANALYSIS CREATED AFTER THE DATE OF FIRST INFRINGEMENT

Avocent has moved this Court under *Daubert* for an Order disqualifying ClearCube's damages expert, Mr. Ratliff on the grounds that his opinions contradict controlling Federal Circuit case precedent. By this motion, Avocent respectfully requests an Order precluding ClearCube (as a party) from presenting evidence or testimony as to (1) what the reasonable royalty should be based on a hypothetical negotiation between the parties occurring in 2003, when this lawsuit was filed or (2) what ClearCube's *actual profit margins* were during the period of 2001 through 2005.

It is well established that a reasonable royalty is to be established based on a hypothetical negotiation occurring on the date of first infringement. *Rite-Hite Corp. v. Kelly Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (in banc), *cert. denied*, 516 U.S. 867; *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988) (hypothetical royalty negotiations methodology "speaks of negotiations as of the time infringement began"); *Wang Laboratories,*

*Inc v Toshiba Corp*, 993 F 2d 858 (Fed Cir 1993) (reasonable royalty analysis is to be based upon hypothetical negotiation at the time of first infringement, regardless of whether the patentee can recover damages for entire period of infringement) Thus, it is not proper to consider what the hypothetical negotiators would have agreed to years after ClearCube's infringement began, and that testimony and evidence should be precluded.

Nor is it appropriate to convert the so-called "book of wisdom" into a tool to artificially reduce the royalty the parties would have agreed to in November 2000. The hypothetical negotiators in late 2000 would not have had access to ClearCube's future actual profit calculations, but would negotiate based on what their expectations were at that time ClearCube's expert resorts to the "book of wisdom" to contradict the actual views held by the parties on the date of first infringement, but that approach runs contrary to established precedent.

While the "book of wisdom" may be used to *confirm* views held on the date of initial infringement, <u>it may not be used to *contradict* them</u> See, e g , *Medtronic, Inc v Catalyst Research Corp*, 547 F Supp 401, 414 (D Minn 1982) (actual profits used to confirm profit expectations at the time of infringement); *Hanson v Alpine Valley Ski Area, Inc* , 718 F 2d 1075, 1081-82 (Fed Cir 1983) (refusal to consider evidence that the infringer's actual profit from the sales of infringing devices was less than its anticipated profit); *Georgia-Pacific Corp v United States Plywood Corp*, 318 F Supp 1116 (S D N Y 1970), *modified and aff'd*, 446 F 2d 295 (2d Cir ), *cert denied*, 404 U S 870 (1971) (refusal to allow evidence regarding the eventual decline in the popularity of the patented invention to detract from the fact that at the time infringement began the patented invention was a "choice commodity").

Accordingly, ClearCube should be precluded from presenting evidence as to what hypothetical negotiators would have agreed to on any date after November 2000 (the date of first

infringement) and should be precluded from presenting evidence as to its actual profits after that date. This evidence is simply not relevant under controlling authority and will serve no purpose other than confusing the jury.

Dated: June 16, 2006

**AVOCENT HUNTSVILLE CORP.**
by its Attorneys

_/s/ J. Jeffery Rich_
J. Jeffery Rich
SIROTE & PERMUTT, P.C.
305 Church Street, Suite 800
P O Box 18248
Huntsville, Alabama 35804
Tel: (256) 536-1711
Fax: (256) 518-3681

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, Virginia 22203
Tel: (703) 894-6400
Fax: (703) 894-6430

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 16, 2006, the foregoing "Avocent Huntsville's Motion *In Limine* to Preclude Evidence Directed To The Reasonable Royalty Analysis Created After The Date Of First Infringement" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph M. Cloud
Joseph M. Cloud, P.C.
521 Madison St., Suite 102
Huntsville, Alabama 35801

Russell T. Wong
Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
20333 SH 249, Suite 600
Houston, Texas 77070

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

J. David Cabello
Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP
20333 SH 249, Suite 600
Houston, Texas 77070

Donald L. Jackson