FILED

2006 Jul-28  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| AVOCENT HUNTSVILLE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  CV-03-S-2875-NE |
| | ) | |
| CLEARCUBE TECHNOLOGY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND ORDER ON MOTIONS *IN LIMINE*

Upon consideration of the pleadings, briefs, evidentiary submissions, and arguments of counsel, it is ORDERED as follows:

A.     Avocent's motion *in limine* to preclude ClearCube "from introducing at trial any argument and/or evidence based on claim constructions for the '919 patent or the '997 patent that is different from those adopted by the Court in its March 15, 2006 *Markman* claim construction order" (doc. no. 218) is GRANTED.

B.     Avocent's motion *in limine* to preclude "ClearCube (as a party) from presenting evidence or testimony as to (1) what the reasonable royalty should be based on a hypothetical negotiation between the parties occurring in 2003, when this lawsuit was filed or (2) what ClearCube's actual profit margins were during the

1

period of 2001 through 2005" (doc. no. 221), is GRANTED.

    **C.**    Avocent's motion *in limine* to exclude "evidence relating to alleged patent misuse by Avocent" (doc. no. 233) is DENIED to the following extent: ClearCube may cross-examine Avocent's expert witness, Joseph McAlexander, to determine when he first began to formulate an opinion regarding infringement of the patents-in-suit, what information he reviewed to make that determination, and what conclusions, if any, he reached at each stage of his work.  Otherwise, Avocent's motion is DENIED without prejudice.[1]

    **D.**    ClearCube's motion *in limine* to exclude "[a]ny evidence and testimony by William Kerr which is the subject matter of a pending *Daubert* motion by Clearcube" (doc. no. 220, motion no. 1) is DENIED.

    **E.**    ClearCube's motion *in limine* to exclude "[a]ny reference to ClearCube being allegedly liable for infringement under the Doctrine of Equivalents pertaining to the 'adapter' of claim 1 of the '919 patent" (doc. no. 220, motion no. 2) is DENIED.

    **F.**    ClearCube's  motion *in limine* to exclude "[a]ny reference or evidence that a double patenting rejection was issued in the '442 application, any evidence or

---

[1] *See* Transcript of July 19, 2006 oral argument, at 80-102, and in particular, *id.* at 102 (the motion will be denied without prejudice, with the understanding that the decision may be reconsidered as specific issues arise at trial).

reference that the '404 patent was considered by the patent office as prior art to the patents-in-suit, [or] any evidence or reference that the '404 patent was known or understood by the patent office to constitute prior art to the patents in suit" (doc. no. 220, motion no. 3), is DENIED as moot.

     **G.**    ClearCube's motion *in limine* to exclude "[a]ny evidence of alleged lost profits proffered by Avocent" (doc. no. 220, motion no. 4) is GRANTED.

     **H.**    ClearCube's motion *in limine* to exclude "[a]ny evidence proffered by Avocent attempting to establish entitlement to injunctive relief including any evidence of alleged irreparable harm" (doc. no. 220, motion no. 5) is DENIED.

     **I.**    ClearCube's motion *in limine* to exclude "[a]ny evidence of secondary considerations of non-obviousness" (doc. no. 220, motion no. 6) is DENIED as moot.

     **J.**    ClearCube's motion *in limine* to exclude "[a]ny evidence of Avocent's geographic location, location of its headquarters, its revenue, its size or the number of its employees" (doc. no. 220, motion no. 7) is DENIED.

     **K.**    ClearCube's motion *in limine* to exclude "[a]ny evidence with respect to Claims 6 and 17 of the '919 patent" (doc. no. 220, motion no. 8) is DENIED.

     **L.**    ClearCube's motion *in limine* to exclude any reference to the court's determination that claims 16-18 of the '919 patent are infringed by ClearCube's

accused products,[2] "or testimony, suggestion or characterization by Avocent to alleged infringement of those claims by ClearCube" (doc. no. 220, motion no. 9), is DENIED.

**M.**     ClearCube's motion *in limine* to exclude "[a]ny evidence proffered by Avocent relating to prior patent litigation by Avocent (*e.g.*, Raritan litigation)" (doc. no. 220, motion no. 10) is GRANTED, subject to reconsideration if ClearCube should open the door to that subject by the examination of witnesses or the presentation of evidence during trial.

**N.**     ClearCube's motion *in limine* to exclude "[a]ny evidence proffered by Avocent relating to other litigation between Avocent and any party" (doc. no. 220, motion no. 11) is GRANTED, subject to reconsideration if ClearCube should open the door to such subject matter during trial.

**O.**     ClearCube's motion *in limine* to exclude "[a]ny reference to discovery disputes and this Court's ruling on such disputes" (doc. no. 220, motion no. 12) is GRANTED.[3]

---

[2] *See* doc. no. 152 (memorandum opinion entered on May 10, 2006) and 153 (Partial Declaratory Judgment entered the same date).

[3] Avocent contends that the Federal Circuit's decision in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) compels denial of this motion. This court disagrees. The *Read* Court stated as follows:

   In *Bott v. Four Star Corp.*, 807 F.2d 1567, 1572, 1 USPQ 2d 1210, 1213 (Fed. Cir. 1986), three factors were identified for consideration in determining when

**P.**     ClearCube's motion *in limine* to exclude "any reference to any correspondence, discussions, statements, disagreements, or negotiations between counsels in this case" (doc. no. 220, motion no. 13) is GRANTED, subject to reconsideration if ClearCube should open the door to such subject matter during trial.

**Q.**     ClearCube's motion *in limine* to exclude "[a]ny reference that the defendant, its witnesses, or its counsel refused or allegedly refused or failed to retain, produce, or caused to be produced any document, thing, report, statement, material

an infringer "acted in [such] bad faith as to merit an increase in damages awarded against him":

>     (1)  whether the infringer deliberately copied the ideas or design of another;
>
>     (2)  whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; and
>
>     (3)  *the infringer's behavior as a party to the litigation*.

*Read*, 970 F.2d at 826-27 (emphasis supplied). Avocent seizes on the third factor — "the infringer's behavior as a party to the litigation" — to assert that the discovery disputes in this case should be considered by the jury in determining whether ClearCube's infringement of the patents-in-suit was "willful."

In *Bott*, after a lengthy trial, the district court found defendant Four Star liable for patent infringement. *See* 807 F.2d at 1569. The court subsequently granted, but stayed, a permanent injunction pending an appeal of the liability determination to the Federal Circuit. During the stay of the injunction, Four Star continued its sales of the infringing products. Indeed, and most egregiously, Four Star continued its sales even after the district court's findings on liability were affirmed by the Federal Circuit. *See id.* at 1569-70. The district court subsequently determined that these acts perpetrated during litigation evidenced willful infringement. *See id.* at 1570, 1572-74.

Unquestionably, in *Bott*, the infringer's misconduct during litigation was relevant to the question of willful infringement. However, the parties' discovery disputes in this case are *not* relevant to willfulness. Fed. R. Evid. 402. To the extent relevance may arguably be established, the court finds that the probative value of the evidence is substantially outweighed by the danger of confusion of the issues and misleading the jury. Fed. R. Evid. 403.

or information" (doc. no. 220, motion no. 14) is DENIED.

**R.**     ClearCube's motion *in limine* to exclude "[a]ny mention, reference or question regarding the defendant's claim of any privilege listed in the Rules of Evidence, whether in the present proceeding or upon a prior occasion" (doc. no. 220, motion no. 15) is DENIED.

**S.**     ClearCube's motion *in limine* to exclude "[a]ny reference whatsoever to any motions or other requests for relief filed by the defendant that was not favorably acted upon by the Court" (doc. no. 220, motion no. 16) is DENIED, to the extent that Avocent may cross-examine ClearCube's expert witness, Dr. Gregg Vaughn, using both ClearCube's proposed claim constructions and the court's eventual claim construction rulings.  The motion otherwise is GRANTED.

**T.**     ClearCube's motion to exclude "[a]ny evidence and exhibit relating to other activities, wrongs or acts of third-parties, which are not pleaded in this action" (doc. no. 220, motion no. 17) is GRANTED.[4]

DONE this 28th day of July, 2006.

---

[4] At oral argument, counsel for Avocent asked whether this ruling would preclude evidence showing that "customers demanded the invention" recited in the patents-in-suit.  Transcript of July 19, 2006 oral argument, at 118-19.  The court withheld ruling on this specific question at oral argument, and it continues to do so.

6

United States District Judge